IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CALEB PARROTT and
SHELBYE PARROTT                                                                                      PLAINTIFFS

v.                                            Case No. 1:23-cv-01030

EDWARD HENSON and
WEST FRASER, INC.                                                                                    DEFENDANTS

**ORDER**

Before the Court is the parties' Joint Motion for Entry of Agreed Protective Order. ECF No. 28. The parties seek the entry of a protective order to assist in the protection of "[c]ertain documents and information the Parties seek or will likely seek through discovery in this action [that] will contain confidential, proprietary, protected, and/or trade secret information in which the Parties have legitimate confidentiality and privacy interests." *Id.* The parties have attached their proposed protective order that they wish the Court to enter. ECF No. 28-1. Upon review, the Court finds that good cause for the instant motion has been shown. However, the Court found it prudent to add language requiring the parties to seek leave of court before filing any documents under seal. The parties' Joint Motion for Entry of Agreed Protective Order (ECF No. 28) is hereby **GRANTED**. The protective order is as follows:

The parties have agreed to this Agreed Protective Order; accordingly, it is **ORDERED**:

**1.     Scope.**  All materials produced or adduced in the course of discovery, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning designations of "Confidential Information" and "Attorneys' Eyes Only Information", as defined below. This

Order is subject to the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.**  As used in this Order, "Confidential Information" means: (a) information protected from disclosure by statute; (b) information that reveals trade secrets; (c) confidential research, development, or commercial information; (d) personal identity information; (e) personnel or employment records of a person who is not a party to the case; and/or (f) business, proprietary, financial/economically sensitive information.  Information or documents that are available to the public may not be designated as Confidential Information.

3. **Attorneys' Eyes Only Information.**  As used in this Order, "Attorneys' Eyes Only Information" means only such Confidential Information as the Designating Party in good faith contends is especially sensitive and may compromise and/or jeopardize a party's or non-party's private and identifiable financial information or legitimate business interests.

4. **Designation.**

(a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, descriptions, or correspondence from counsel of record that contain the Confidential Information.  The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER", shall be applied prior to or at the time the documents or information are produced or disclosed.  Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall

also be so marked.  A party may also designate an interrogatory answer as Confidential by inserting the word "CONFIDENTIAL" in brackets at the beginning of each answer claimed to contain confidential information.

(b) A party may also designate a document as Attorneys' Eyes Only Information by placing or affixing the words "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, descriptions, or correspondence from counsel of record that contain the documents or information designated as Attorneys' Eyes Only Information.  Applying the marking "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" shall also be so marked.  A party may also designate an interrogatory answer as Attorneys' Eyes Only Information by inserting the word "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" in brackets at the beginning of each answer claimed to contain confidential information.

(c) A party may designate a document as Confidential Information or Attorneys' Eyes Only Information only after review of the document by an attorney who has in good faith determined that the document contains Confidential Information or Attorneys' Eyes Only Information as defined in this order.

5. **Depositions.**  No later than the fourteenth day after receipt of the deposition transcript, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information or Attorneys' Eyes Only Information, and thereafter those portions identified in the Notice of Designation shall be protected

under the terms of this Order unless counsel or another party objects, which will result in the parties taking the matter before the Court. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information or Attorneys' Eyes Only Information unless an attorney or party designates such information during the deposition as Confidential Information or Attorneys' Eyes Only Information.

**6.     Protection of Confidential Material.**

**(a)     General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph 6(b) other than to conduct discovery and litigate this action, including any appeal thereof.

**(b)     Limited Third-Party Disclosures**.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(8).  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information as marked under Section 4(a) of this Order:

> **(1)     Counsel.**  Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;
>
> **(2)     Parties.**  Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the pursuit or defense of the litigation;
>
> **(3)     The Court and its personnel**;
>
> **(4)     Court Reporters and Recorders**.  Court reporters and recorders engaged for depositions;

4

  **(5)**  **Contractors.**  Those persons specifically engaged for the limited purpose of making copies of documents, storing documents, conducting electronic searches of documents, or organizing or processing documents (including e-Discovery vendors);

  **(6)**  **Consultants and Experts**.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

  **(7)**  **Witnesses at depositions**.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

  **(8)**  **Others by Consent**.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

  **(c)**  **Protections for Documents or Information Marked as Confidential – For Attorneys' Eyes Only**.  If a party marks any document or information as "Confidential – For

Attorneys' Eyes Only" pursuant to section 4(b) of this Order, then the counsel for the party receiving the document or information must limit its disclosure only to 1) in-house counsel and counsel of record for the parties, and their associates, law clerks, paralegals, employees, staff, and Contractors, as defined in 6(b)(5), 2) experts and their staff consulted or retained by counsel of record, and 3) witnesses who received a copy or were copied on the Attorneys' Eyes Only document. The only exception to this is if a party provides the document or information to the Court and its personnel in a challenge to the designation as set forth in section 9(b) below.

**(d)** **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information and Attorneys' Eyes Only Information.

**7.** **Filing of Confidential Information**. Any confidential material disclosed in any pleading, motion, deposition transcript, brief, exhibit, or other filing with the Court shall be maintained under seal. To the extent such confidential filing is capable of redaction, the redacted version of the document is to be filed on the public docket, with the unredacted version filed in CM/ECF using the Civil RESTRICTED event → Sealed Document. The redacted version of a confidential filing may include, when necessary, slip sheets appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing. The parties must seek leave of court prior to filing any documents under seal.

**8.** **No Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**9.** **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information or Attorneys' Eyes Only

Information is subject to challenge by any party. The following procedure shall apply to any such challenge:

**(a)** **Meet and Confer.** A party challenging the designation of Confidential Information or Attorneys' Eyes Only Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

**(b)** **Judicial Intervention**. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information or Attorneys' Eyes Only Information under the terms of this Order.

**10.** **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information or Attorneys' Eyes Only Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**11.     Use of Confidential Documents or Information at Hearing or Trial.**  Nothing in this Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing.  A party that intends to present or that anticipates that another party may present Confidential Information or Attorneys' Eyes Only Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information or Attorneys' Eyes Only Information.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**12.     Confidential Information Subpoenaed or Ordered to be Produced in Other Litigation.**

**(a)**     If a party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information or Attorneys' Eyes Only Information, the receiving party must notify the designating party in writing, within five business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

**(b)**     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

**(c)**     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information or Attorneys' Eyes Only Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of

8

seeking protection in that court of its Confidential Information or Attorneys' Eyes Only Information and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control, Confidential Information or Attorneys' Eyes Only Information by the other party to this case.

**13.      Obligations on Conclusion of Litigation.**

**(a)**      Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)**      Within thirty days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and Attorneys' Eyes Only Information under this Order, including copies, shall be returned to the producing party unless: (1) the document has been offered into evidence or accepted by the Court, without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents, and certifies to the producing party that it has done so.  Notwithstanding the above requirements to return or destroy documents, counsel may retain one complete set of all documents filed with the Court, including those filed under seal; and any attorney-work product, including an index which refers or relates to designated Confidential Information or Attorneys' Eyes Only Information, so long as, that work product does not duplicate verbatim substantial portions of Confidential Information or Attorneys' Eyes Only Information.  Any retained Confidential Information or Attorneys' Eyes Only Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or Attorneys' Eyes Only Information.

**14.     Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**15.     No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information or Attorneys' Eyes Only Information by counsel or the parties is entitled to protection under Arkansas Rule of Civil Procedure 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

**16.     Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED**, this 29th day of August, 2023.

                                              /s/ Susan O. Hickey
                                              Susan O. Hickey
                                              Chief United States District Judge