IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CALEB PARROTT and
SHELBYE PARROTT                                                                                    PLAINTIFFS

v.                                            Case No. 1:23-cv-01030

EDWARD HENSON and
WEST FRASER, INC.                                                                                  DEFENDANTS

**ORDER**

Before the Court is Separate Defendant Edward Henson's Motion to Dismiss.  ECF No. 7.  Plaintiffs Caleb and Shelbye Parrott have responded.  ECF No. 22.  The Court granted Defendant Henson's Motion for Leave to File Reply in Support of Motion to Dismiss.  ECF No. 24.  Defendant Henson did not reply.  Thus, the Court finds the matter ripe for consideration.

**I. FACTUAL BACKGROUND**

The following facts are derived from the governing complaint.  *See* ECF. No. 3.

On March 17, 2023, Plaintiff Caleb,[1] an employee of Industry Services Co., was present at the West Fraser, Inc.'s Huttig Sawmill in Union County, Arkansas.  Plaintiff Caleb was responsible for "performing shut-down maintenance and/or repairs" at the sawmill.  *Id.* at 2.  Plaintiff Caleb participated in a "walk-down" through the sawmill, which was led by Defendant Henson.  Defendant Henson led Plaintiff Caleb to "an elevated walkway area with a metal floor of sorts." *Id.* at 2-3.  The walkway was approximately twenty (20) to twenty-five (25) feet above the concrete floor.  *Id.* at 2.  While Plaintiff Caleb, Defendant Henson, and two other men were walking across

---

[1] The named plaintiffs are Caleb Parrott and Shelbye Parrott.  When referring to either plaintiff individually, the Court will use the terms "Plaintiff Caleb" and "Plaintiff Shelbye."  This does not demonstrate a familiarity with the parties, but rather provides clarity throughout the instant order.

the walkway, the walkway collapsed, and the men fell the approximately 20 to 25 feet before landing on the concrete floor.[2] Plaintiff Caleb allegedly sustained the following injuries from the fall:

> right leg breaks (at least twenty (20) breaks), open fractures and/or breaks to multiple bones in his leg(s), crushed bones and/or crush injuries in his right leg, crushed bones in his right ankle, multiple fractures and/or breaks in his left leg, left ankle fracture, multiple compression fractures in his back, muscle spasms, severe pain in his back and legs, swelling to both legs requiring draining, nerve pain in both legs—uncontrollable with medication, dehydration, blood clot in his lung, required blood transfusion due to blood loss at the scene of the fall and will require additional transfusion as blood continues to seep from the wounds to his right leg.

ECF No. 3, p. 3–4.  Plaintiff Caleb immediately underwent surgery after being air lifted from Union County, Arkansas to Shreveport, Louisiana.  He will require additional, future surgeries.

## II. PROCEDURAL BACKGROUND

On March 22, 2023, Plaintiffs filed the instant action in the Circuit Court of Union County, Arkansas.  Plaintiffs named only Defendant Henson as a defendant.  The next day, on March 23, 2023, Plaintiffs filed an amended complaint.  ECF No. 3.  In that complaint, Plaintiffs named both Defendant Henson and Defendant West Fraser, Inc. as Defendants.  Plaintiffs bring a negligence claim and a loss of consortium claim.[3]

On April 21, 2023, Defendant West Fraser, Inc. removed the action to the United States District Court for the Western District of Arkansas, relying on the Court's diversity jurisdiction.  ECF No. 2, p. 2–3 (explaining that Plaintiffs reside in and are citizens of Louisiana, Defendant West Fraser is a Delaware corporation with its principal place of business in Tennessee, and Defendant Henson resides in and is a citizen of Arkansas).  Defendant Henson consented to that

---

[2] The other three men allegedly fell on top of Plaintiff Caleb.  Defendants allege that Defendant Henson also suffered injuries as a result of this fall.

[3] Plaintiffs no not, in their amended complaint or elsewhere, expressly label their claims.  Looking to the substance of Plaintiffs' amended complaint and the briefings from the parties, the Court construes Plaintiffs' claims as being a negligence claim (based on a theory of premises liability) and a loss of consortium claim.  *See* ECF Nos. 3, 8, 22.

removal. ECF No. 7, p. 1. That same day, on April 21, 2023, Defendant Henson filed a motion to dismiss for failure to state a claim. ECF. No. 7. Rather than substantively responding to Defendant Henson's motion to dismiss, Plaintiffs filed a motion to defer and asked the Court to defer its ruling on the motion to dismiss. ECF No. 10. Plaintiffs stated that they intended to file a motion seeking remand. ECF No. 10, p. 1. On May 2, 2023, the Court granted Plaintiffs' motion to defer and instructed Plaintiffs to "file any motion seeking remand on or before Friday, May 5, 2023." ECF No. 11, p. 2. Plaintiffs timely filed a motion seeking remand, Defendants filed a response in opposition, and Plaintiffs replied to that response. ECF Nos. 12, 14, 17. On June 12, 2023, the Court denied Plaintiffs' motion to remand on the basis of fraudulent joinder. ECF No. 20. On June 22, 2023, Plaintiffs filed a response in opposition to Defendant Henson's motion to dismiss. ECF No. 22. Defendant Henson then filed a motion for leave to file a reply in support of his motion to dismiss. ECF No. 23. On June 30, 2023, the Court granted Defendant Henson's motion for leave allowing him seven (7) days from the date of the order to file his reply. ECF No. 24. Defendant Henson did not reply. The Court finds the matter ripe for consideration and now addresses Defendant Henson's motion to dismiss. ECF No. 7.

### III. STANDARD

A party may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twonbly*, 550 U.S. 544, 555 (2007)). The complaint's factual allegations are assumed true and all reasonable inferences are drawn in Plaintiff's favor, "even if it strikes a savvy

judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 555-56.  The Court, however, need not "blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 14486, 1488 (8th Cir. 1990).

The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S.).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of 'further factual enhancement.'" *Id.* (cleaned up).  In other words, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

## IV. DISCUSSION

On June 12, 2023, the Court denied Plaintiffs' motion to remand finding that Defendant Henson was fraudulently joined on the basis that Plaintiffs failed to state a claim against Defendant Henson upon which relief may granted.  ECF No. 20.  The Court has not changed its position and ultimately finds that the claims against Defendant Henson should be dismissed.

Looking to state law, the Court must decide whether Plaintiffs have alleged a "colorable" claim against Defendant Henson.  "To prevail on a claim of negligence, the plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach was the proximate cause of the plaintiff's injuries." *Hope Med. Park Hosp. v. Varner*, 568 S.W.3d 818, 822 (Ark. Ct. App. Fen, 13, 2019). "The question of the duty owed to the plaintiff alleging negligence is always one of law and never one for the jury.  If the court finds that no duty

of care is owed, the negligence count is decided as a matter of law." *D.B. Griffin Warehouse, Inc. v. Sanders*, 76 S.W. 254, 262 (Ark. May 30, 2002) (citations omitted).

The existence of a duty depends on the plaintiff and defendant's relationship to one another and, under premises liability theory, their relationship to the property where the alleged injury took place. *See Chew v. Am. Greetings Corp.*, 754 F.3d 632, 636 (8th Cir. 2014); *D.B. Griffin Warehouse, Inc.*, 76 S.W.3d at 262. Arkansas courts have explained that "[a] property owner has a duty to exercise ordinary care to maintain his or her premises in a reasonably safe condition for the benefit of his or her invitees", and "[a] business invitee is one who enters or remains on land for a purpose connected with the business dealings of the owner." *Hope Med. Park Hosp.*, 568 S.W.3d at 822. Arkansas courts have expressly held that "liability cannot attach to the defendant unless the defendant owns or occupies the property that allegedly caused the plaintiff's injury," including injuries to invitees. *Gray v. Marianna Hous. Auth.*, 599 S.W.3d 337, 340 (Ark. Ct. App. Apr. 1, 2020). In certain circumstances, an employee (who does not "own[] or occup[y]" the premises) may nevertheless owe a duty to an invitee. *MIC v. Barrett*, 855 S.W.2d 326, 329 (Ark. June 21, 1993). However, an employee cannot be held liable to an invitee "absent proof that his employer has turned over the entire charge of the land to him." *Id.*

In their response to Defendant Henson's Motion to Dismiss, Plaintiffs argue that Defendant Henson "is not sued solely for allowing a dangerous condition to develop and exist on the premises", but also "for the discreet act of exposing [Plaintiff] Caleb to that condition when [Defendant Henson] knew or should have known of its existence and the hazard it presented." ECF No. 22, p. 2-3. However, Defendant Henson argues that as the Kiln Supervisor for the sawmill, he did not owe any duty of care to Plaintiff Caleb. Thus, Defendant Henson argues, because he did not owe a duty of care to Plaintiff Caleb, "Plaintiffs' allegations against [him] fail

5

to state facts to support a plausible claim for premises liability." ECF No. 8, p. 6. In support, Defendant Henson submits affidavits from himself and Sarah Blakenship ("Blakenship"), the Head of Human Resources for Defendant West Fraser, Inc. ECF Nos 8-1, 8-2. Defendant Henson and Blakenship both state that Defendant Henson was the "Kiln Supervisor," did not have any control over the sawmill or the kiln, and "at no time was . . . exclusively responsible for or in complete control of the Mill." *Id.*

The Court agrees with Defendant Henson. The parties do not dispute Plaintiff Caleb's status as a business invitee, nor do they dispute that Defendant Henson did not own or otherwise control the sawmill. Arkansas law is clear: "liability cannot attach to the defendant unless the defendant owns or occupies the property that allegedly caused the plaintiff's injury," including injuries to invitees. *Gray*, 599 S.W.3d at 340. Thus, absent any allegation that Defendant Henson had control over the premises, no duty—and no liability—exists under Arkansas law.

Plaintiffs attempt to distance their claim against Defendant Henson from a premises liability theory. *See, e.g.*, ECF No. 22, p. 6-7. However, the heart of their claim is that the walkway posed a dangerous condition that Defendant Henson knew or should have known about. *Id.* This is inherently a premises liability claim, and under Arkansas law, a premises liability claim is not "colorable" against a defendant who did not own or control the premises. *See Gray*, 599 S.W.3d at 340. Thus, because Defendant Henson did not own or control the premises, Plaintiffs fail to allege a colorable negligence claim against Defendant Henson.

Additionally, Plaintiffs allege a loss of consortium claim against Defendant Henson. However, the Court notes that under Arkansas law, "loss of consortium cannot be alleged as a separate cause of action." *Sanderson v. McCollum*, 112 S.W.3d 363, 367 (Ark. Ct. App. May 7,

2003). Thus, because the Court finds that Plaintiffs do not allege a colorable negligence claim against Defendant Henson, their loss of consortium claim fails.

## V. CONCLUSION

For the above-stated reasons, the Court finds that the instant motion to dismiss (ECF No. 7) should be and hereby is **GRANTED**. Plaintiff's claims against Defendant Henson are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 11th day of December, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge