IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CALEB PARROTT and
SHELBYE PARROTT                                                                                    PLAINTIFFS

v.                                            Case No. 1:23-cv-01030

WEST FRASER, INC.                                                                                  DEFENDANT/
                                                                                           THIRD-PARTY PLAINTIFF
v.

TINSLEY CONSULTING GROUP, LLC;
SOUTHEASTERN INSTALLATION, INC.;
JODY COOK WELDING, LLC; and
S & S WELDING & MECHANICAL, INC.                                              THIRD-PARTY DEFENDANTS

## ORDER

Before the Court are Motions to Dismiss filed by Third-Party Defendants Tinsley Consulting Group, LLC ("Tinsley"), Jody Cook Welding, LLC ("JCW"), and Southeastern Installation, Inc. ("SII"). (ECF Nos. 46, 72, 87). Third-Party Plaintiff West Fraser, Inc. ("West Fraser") has filed responses to each motion. ECF Nos. 67, 82, 92. Tinsley and JCW have filed replies. ECF Nos. 79, 86. The motion is ripe for consideration by the Court.

### I. BACKGROUND

The Court accepts all well-pleaded allegations in the third-party complaint (ECF No. 37) as true and construes them in favor of West Fraser. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The events related to the instant motion occurred at West Fraser's sawmill in Huttig, Arkansas. Around 2012, West Fraser decided to convert two of its existing batch kilns into continuous drying kilns. A continuous drying kiln automates the process of pushing the wood through the kiln and is more efficient than a batch kiln, which requires an employee to physically

push the wood into the kiln to dry and then pull the wood out of the kiln. Because the kilns get so hot, it is almost impossible for West Fraser employees to enter the kilns on a daily or weekly basis. To maintain and inspect the kilns, West Fraser incorporated into its schedule "down periods" every three months, at which time West Fraser hired third parties to perform maintenance on and make repairs to the kilns.

In 2012, West Fraser hired Tinsley, a supplier of technical consulting and engineering services, to oversee and manage the kiln conversion process, which included "creating drawings for the continuous drying kilns, identifying and vetting subcontractors and suppliers to assist in the conversion, and otherwise generally ensuring that the continuous drying kilns were designed, constructed, and installed in a safe and sound manner." ECF No. 37, at ¶ 23. West Faser relied on and deferred to Tinsley for technical matters related to the kiln conversion process, including the design and construction of the continuous drying kilns.

Tinsley hired Southeastern Installation, Inc. ("SII") to design, construct, and install the physical components and infrastructure inside the continuous drying kilns, which included the walkway at issue in this case. This walkway was built for individuals who were performing maintenance on a row of fans at the top of the kiln. The walkway was approximately twenty (20) feet off the ground. SII designed, manufactured, and installed the components of the walkway. Specifically, West Fraser alleges that SII improperly installed an angle piece, upon which the walkway rested, in a manner that was inconsistent with the drawings SII provided to West Fraser. West Fraser claims that the defective configuration of the angle piece rendered it prone to degradation and corrosion, making it defective, unreasonably dangerous, unsafe, and unfit for its particular purpose. West Fraser also alleges that the angle pieces were installed using stitch welds that were not done in a workmanlike manner, jeopardizing the integrity and longevity of some

2

components of the walkway. West Fraser further alleges that SII and Tinsley knew or should have known about these defects and that SII and Tinsley concealed these defects from West Fraser.

In 2015, the aluminum decking material of the walkway, which was originally designed and installed by SII, had corroded such that it had to be replaced. West Fraser bought new stainless steel decking material from SII, which West Fraser claims did not meet the engineering specification it provided. West Fraser also claims that SII knew that the stainless-steel decking it provided did not meet the specified engineering requirements and concealed this fact from West Fraser.

Though SII manufactured and supplied the stainless-steel decking in 2015, JCW, a licensed metal fabricator, installed it. As early as 2015, JCW contracted with Jody Cook to perform maintenance and repairs at the Huttig sawmill, including maintenance to the continuous drying kilns. West Fraser directed JCW to identify any maintenance and repair issues regarding the continuous drying kilns. JCW assumed the responsibility to inspect the kilns, including the walkway, identify problems, and fix the problems. In 2015, JCW replaced the aluminum decking with the stainless-steel decking supplied by SII. West Fraser claims that JCW should have known about the allegedly defective angle piece and the allegedly defective stitch welds. West Fraser alleges that JCW failed to notify it of these defects.

At some point in time, West Fraser replaced JCW with S & S Welding & Mechanical, Inc. ("S&S"). S&S provided the same services that JCW did—performing repairs and maintenance at the Huttig sawmill, including the maintenance walkway at issue. At some point prior to March 2023, S&S replaced the decking on the walkway. West Fraser noticed that one angle piece had been installed incorrectly and fixed the angle piece. However, another angle piece remained that had been installed incorrectly. S&S did not notify West Fraser that an angle piece had been

installed incorrectly.

On March 17, 2023, Caleb Parrott, an employee of Industry Services Co., Inc., along with other individuals, was walking on the walkway inside one of the continuous drying kilns to determine what work needed to be done. While these individuals were on the walkway, it failed, and they all fell approximately twenty (20) feet. Caleb Parrott and his wife, Shelbye Parrott, filed the instant lawsuit against West Fraser and Edward Henson,[1] Sawmill Supervisor, alleging negligence and loss of consortium related to the injuries Parrott sustained in the fall. ECF No. 3.

West Fraser then filed a third-party complaint against Tinsley, SII, JCW, and S&S, alleging that they "each caused and/or contributed to the walkway's failure, or failed to act in a manner that caused and/or contributed to the walkway's failure." ECF No. 37, at ¶ 2. West Fraser brings three claims against Tinsley: (1) failure to supervise; (2) implied indemnity; and (3) contribution. West Fraser brings three claims against JCW: (1) professional negligence; (2) implied indemnity; (3) and contribution. West Fraser brings six claims against SII: (1) professional negligence; (2) products liability; (3) failure to warn; (4) breach of implied warranty of merchantability; (5) implied indemnity; and (6) contribution.[2] Tinsley, JCW, and SII argue that the claims against them should be dismissed.[3]

## II. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer

---

[1] The Court has since dismissed Edward Henson from this lawsuit. ECF No. 31.
[2] The Court notes that, in its complaint, West Fraser labeled this claim as a claim for "contributory negligence," but as the Court discusses later in this order, the claim is actually a claim for contribution.
[3] West Fraser also brings similar claims against S&S, but S&S has not filed a motion to dismiss.

possibility that a defendant" is liable. *Id.* (internal quotations omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "A plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint strikes a savvy judge that actual proof of the facts alleged is improbable and recovery very remote and unlikely." *Hamilton v. Palm*, 621 F.3d 816, 819 (2010).

### III.  DISCUSSION

The Court will first address the arguments that are common to Tinsley, JCW, and SII[4] before addressing SII's separate arguments for dismissal.

**A.  Common Arguments**

Separate Defendants argue that Arkansas's statute of repose bars West Fraser's claims, that the implied indemnity claim is premature, and that the contributory negligence claim is improper. West Fraser disagrees.

**1.  Statute of Repose**

"The Arkansas statute of repose 'protect[s] persons engaged in the construction industry from being subject to litigation arising from work performed many years prior to the initiation of the lawsuit.'" *Norfolk & Dedham Mut. Fire Ins. Co. v. Rogers Mfg. Corp.*, 122 F.4th 312, 315 (8th Cir. 2024) (quoting *Star City Sch. Dist. v. ACI Bldg. Sys., LLC*, 844 F.3d 1011, 1017 (8th Cir. 2017)). It does so by terminating an injured plaintiff's "right of action before it accrues, when that action does not arise until after the statutory period has elapsed." *Star City*, 844 F.3d at 1017 (quoting *Curry v. Thornsberry*, 354 Ark. 631, 638, 128 S.W.3d 447 (2003)). Stated simply, the

---

[4]From this point forward, the Court will sometimes refer collectively to Tinsley, JCW, and SII as "Third-Party Defendants." Although S&S is also a third-party defendant, the Court is not referring to S&S in this order when it refers collectively to "Third-Party Defendants."

statute of repose entirely cuts off a cause of action after the statutory period has elapsed.

Third-Party Defendants argue that their claims are barred by a specific subsection of Arkansas' statute of repose, Ark. Code Ann. § 16-56-112(b)(1). The subsection reads, in relevant part:

> No action in tort or contract, whether oral or written, sealed or unsealed, to recover damages for personal injury or wrongful death caused by any deficiency in the design, planning, supervision, or observation of construction or the construction and repairing of any improvement to real property shall be brought against any person performing or furnishing the design, planning, supervision, or observation of construction or the construction and repair of the improvement more than four (4) years after substantial completion of the improvement.

Ark. Code Ann. § 16-56-112(b)(1). "The 'legislative purpose' of § 16-56-112 'was to enact a comprehensive statute of limitations protecting person engaged in the construction industry from being subject to litigation arising from work performed many years prior to the initiation of the lawsuit.'" *Cearley v. Bobst Group N. Am.*, ___ F.4th ___, No. 23-1101, 2025 WL 571980, at *3 (8th Cir. Feb. 21, 2025) (quoting *Okla Homer Smith Furniture Mfg. Co. v. Larson and Wear, Inc.*, 278 Ark. 467, 470, 646 S.W.2d 696, 698 (1983)).

The Court must determine whether Third-Party Defendants are protected by the statute of repose. First, the Court looks to the plain language of the subsection. Subsection 112(b) applies to an "action in tort or contract . . . to recover damages for personal injury or wrongful death." Ark. Code Ann. § 16-56-112(b). Third-Party Defendants argue that this specific subsection applies to bar West Fraser's claims against them. Thus, only subsection 112(b) is at issue in the instant motions. However, this subsection cannot apply because West Fraser's claims against Third-Party Defendants are not claims for personal injury or wrongful death. The Parrotts are suing West Fraser, not Third-Party Defendants, for personal injuries. Although West Fraser asserts tort claims (negligence) against Third-Party Defendants, the claims are not for personal injury or wrongful

6

death. Thus, the Court cannot find that subsection 112(b) of the statute of repose applies to bar West Fraser's claims against Third-Party Defendants.

### 2. Implied Indemnity

West Fraser has asserted a claim for implied indemnity against Third-Party Defendants. "The basis for the right to indemnity in a case where there is no express contract therefor is liability upon an implied contract or quasi-contract." *Larson Mach., Inc. v. Wallace*, 268 Ark. 192, 213, 600 S.W.2d 1, 12 (1980). Third-Party Defendants argue that the implied indemnity claim should be dismissed because it is premature, arguing that "[n]o money judgment may be rendered for indemnity until the party seeking indemnity has suffered actual loss." *Id.* A cause of action for implied indemnification does not accrue until payment has been legally made by the indemnitee. *Id.* at 215, 600 S.W.2d at 13. However, it is appropriate "for a third-party complaint . . . for indemnity to be served on a party to the action before the cause of action accrues, to avoid a multiplicity of actions." *Id.*

Here, the cause of action for implied indemnification has not accrued because West Fraser has not suffered actual loss. However, it is appropriate for West Fraser to bring its claim in a third-party complaint against Third-Party Defendants to avoid a multiplicity of actions. Thus, the Court finds that the implied indemnity claim should not be dismissed on the basis that the claim is premature.

### 3. Contributory Negligence/Contribution

West Fraser brings a claim against Third-Party Defendants that is titled "Contributory Negligence." ECF No. 37, p. 21. Third-Party Defendants argue that this claim should be dismissed because contributory negligence is an affirmative defense. Because Third-Party Defendants are not plaintiffs in the action brought by West Fraser, they reason that they cannot be liable for

contributory negligence. In response, West Fraser explains that the contributory negligence claim is mislabeled and is actually a claim for contribution among tortfeasors under Ark. Code Ann. § 16-61-202. West Fraser claims that it is "entitled to a judgment for its damages and an allocation of fault between West Fraser, Tinsley, and the other named Third-Party Defendant." ECF No. 37, ¶ 164. The claim is mislabeled, but the facts and allegations under the heading indicate that West Fraser intends to state a claim for contribution. The Court finds that the claim should not be dismissed simply because it is mislabeled.

### B. SII's Separate Arguments

SII makes the following arguments as to why two claims specific to them should be dismissed. First, SII argues that the professional negligence claim is time-barred. Second, SII argues that West Fraser fails to state a claim for breach of the implied warranty of merchantability.

#### 1. Professional Negligence

SII argues that the professional negligence claim is barred by the three-year statute of limitations. SII contends that the three-year statute of limitations found in Ark. Code Ann. § 16-56-105 controls the professional negligence claim. West Fraser does not argue otherwise.

The parties disagree as to when the statute of limitations began to run. Arkansas follows the occurrence rule, which "provides that that an action accrues when the last element essential to the cause of action occurs, unless the wrongdoing is actively concealed." *Tate v. Laboratory Corp. of Am. Holdings*, 102 Ark. App. 354, 356, 285 S.W.3d 261, 262 (2008). SII argues that the statute of limitations began to run in 2015 when the negligent act occurred. West Fraser, on the other hand, contends that SII's fraudulent concealment tolled the statute of limitations such that it did not begin to run until 2023, when the negligent act was discovered.

"Under Rule 9(b)'s heightened pleading standard, allegations of fraud, including fraudulent

concealment for tolling purposes, [must] be pleaded with particularity." *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011) (citing *Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007)). In other words, Rule 9(b) requires plaintiffs to plead "the who, what, when, where, and how: the first paragraph of any newspaper story." *Id.* (quotation omitted). "The defense of fraudulent concealment requires a fact question related to some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that conceals itself." *Carlson v. Kelso Drafting and Design*, 2010 Ark. App. at 2, 374 S.W.3d 726, 728 (2010).

"Under Arkansas law, once it is clear from the face of the complaint that an action is barred by an applicable statute of limitations, the burden shifts to the plaintiff to prove that the limitation period was in fact tolled." *Id.* (citing *Paine v. Jefferson Nat'l Life Ins. Co.*, 594 F.3d 989, 992 (8th Cir. 2010) (applying Arkansas law)). To toll a limitation period because of fraudulent concealment, there must be: "(1) a positive act of fraud (2) that is actively concealed, and (3) is not discoverable by reasonable diligence." *Paine*, 594 F.3d at 992 (quotation omitted).

Here, West Fraser does not dispute that the professional negligence claim is time-barred unless the doctrine of fraudulent concealment tolls the three-year limitation period. Thus, it is West Fraser's "burden to plead, with particularity, facts to support [its] claim that the doctrine of fraudulent concealment tolls [the three-year] statute of limitations." *Summerhill*, 637 F.3d 877 at 880. In its third-party complaint, West Fraser alleges that "SII and Tinsley fraudulently concealed these defects [in the angle piece and stitch welds], such defects they knew or should have known existed." ECF No. 37, ¶ 64. West Fraser further alleges that SII fraudulently concealed the fact that the decking it provided did not meet West Fraser's engineering specification. ECF No. 37, ¶ 79.

General allegations of fraud are peppered throughout the third-party complaint. However, West Fraser has not alleged any facts indicating a secretly executed and furtive plan to defraud as required by Arkansas law. Instead, West Fraser only offers general statements and conclusory allegations that SII acted fraudulently by failing to disclose defects. Therefore, the Court finds that West Fraser has not pled its allegations of fraud with the particularity required by Federal Rule of Civil Procedure 9, and the doctrine of fraudulent concealment does not toll the three-year statute of limitations. Accordingly, West Fraser's professional negligence claim is time-barred and must be dismissed.

### 2. Implied Warranty of Merchantability

SII briefly argues that West Fraser fails to state a claim for the implied warranty of merchantability. "To recover for breach of an implied warranty of merchantability, the plaintiff must prove that (1) he has sustained damages; (2) the product was not merchantable, *i.e.,* not fit for the ordinary purpose for which such goods are used; (3) this unmerchantable condition was a proximate cause of the damages; and (4) he was a person whom the defendant might reasonably expect to use or be affected by the product." *F.L. Davis Builders Supply, Inc. v. Knapp*, 42 Ark. App. 52, 57, 853 S.W.2d 288, 290 (1993).

First, SII contends that West Fraser has not asserted any allegation that West Fraser or Caleb Parrott were persons who would reasonably expect to use or be affected by the product. However, West Fraser alleges that SII was hired to design and install the continuous drying system, which included a walkway for individuals who were performing maintenance on the fans. ECF No. 37, ¶ 37. In fact, when the walkway failed, this is exactly what Parrott was doing, scoping maintenance work that needed to be performed on the fans.

Next, SII argues that West Fraser's allegations of unfitness are conclusory and thus not

sufficiently pled. However, West Fraser alleges that the angle piece manufactured by SII was not in the correct orientation, was not in accordance with SII's drawings, and that the stitch welds of certain components were defective, making the components more prone to degradation.

The Court finds that the allegations above give SII fair notice of West Fraser's claim for the implied warranty of merchantability and thus this claim is sufficiently pled.

## IV.  CONCLUSION

For the reasons stated above, the Court finds that Tinsley's and JCW's Motions to Dismiss (ECF No. 46, 72) should be and hereby are **DENIED**. The Court finds that SII's Motion to Dismiss (ECF No. 87) is **GRANTED IN PART** and **DENIED IN PART**. The motion (ECF No. 87) is **GRANTED** as to West Fraser's professional negligence claim against SII. The motion is **DENIED** as to all other claims.

**IT IS SO ORDERED**, this 31st day of March, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge