IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | | |
|---|---|---|
| CALEB PARROTT and<br>SHELBYE PARROTT | | PLAINTIFFS |
| v. | Case No. 1:23-cv-01030 | |
| WEST FRASER, INC. | | DEFENDANT/<br>THIRD-PARTY PLAINTIFF |
| v. | | |
| TINSLEY CONSULTING GROUP, LLC;<br>SOUTHEASTERN INSTALLATION, INC.;<br>JODY COOK WELDING, LLC; and<br>S & S WELDING & MECHANICAL, INC. | | THIRD-PARTY DEFENDANTS |

## ORDER

Before the Court is Plaintiffs' Motion to Sever Third-Party Complaint. ECF No. 90. Defendant/Third-Party Plaintiff West Fraser, Inc. has responded to the motion. ECF No. 93. Plaintiffs have filed a reply. ECF No. 105. The motion is ripe for consideration by the Court.

Plaintiff Caleb Parrott was walking on an elevated walkway inside a continuous drying kiln located at one of West Fraser's sawmills. The walkway failed, and Parrott was injured when he fell approximately twenty feet to the ground. Parrott and his wife are asserting a premises liability claim against West Fraser. West-Fraser has filed a third-party complaint against four entities that performed work on the walkway. The third-party claims collectively include failure to supervise, implied indemnity, contribution, professional negligence, products liability, failure to warn, and breach of implied warranty of merchantability. Plaintiffs move the Court to sever their claims against West Fraser from West Fraser's third-party claims against the entities who performed work on the walkway.

Plaintiffs base their Motion to Sever on Arkansas substantive law, which states a landowner

cannot escape liability on a premises claim by claiming that the work that caused the injury was done by an independent contractor. *Little Rock Land Co. v. Raper*, 245 Ark. 641, 648-49, 433 S.W.2d 836, 842 (1968). Plaintiffs argue that their claims must be severed from the third-party claims because West Fraser is not permitted to defend against Plaintiffs' premises liability claim on the ground that the work that caused Parrott's injury was done by Third-Party Defendants. Plaintiffs contend that West Fraser's third-party claims are not relevant to their claims and thus Plaintiffs "should be permitted to go forward with their claim against West Fraser." ECF No. 91, p. 4. Notably, Plaintiffs do not cite to any Federal Rule of Civil Procedure to support their argument.

Upon consideration, the Court finds that Plaintiffs' Motion to Sever should be denied. Currently, judicial economy and efficiency weigh in favor of keeping Plaintiff's claims and the third-party claims in one single case. The Court notes, however, that once the issues in this case more fully develop, there may arise legitimate reasons to sever some or part of the claims or issues in this case because of a risk of confusion or prejudice. Presently, what defenses may or may not be available to West Fraser has no bearing on whether the parties can move forward with their claims in a single lawsuit. Accordingly, the Court finds that the Plaintiffs' Motion to Sever (ECF No. 90) is **DENIED**.

**IT IS SO ORDERED**, this 31st day of March, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge